UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          Criminal Case No. 17-20787
v.                                     Honorable Linda V. Parker

JEROME WILSON,

        Defendant.

_____/

## OPINION AND ORDER GRANTING RENEWED MOTION FOR COMPASSIONATE RELEASE (ECF NO. 30)

On January 16, 2018, Defendant Jerome Wilson pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). (ECF No. 18.) On May 29, the Court sentenced Defendant to 57 months of incarceration, followed by 18 months of supervised release. (*See* ECF No. 22.) This matter is presently before the Court on Defendant's Renewed Motion for Compassionate Release. (ECF No. 30.)

## APPLICABLE LAW

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or

"the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Further, under the statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] Section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(1)(A)(i).  The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute.  *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

Here, the Government does not dispute that Defendant properly exhausted all administrative remedies or that Defendant's heart disease and the conditions at his place of confinement due to COVID-19 present, in combination, extraordinary and compelling circumstances warranting a sentence reduction.  (*See* ECF No. 33 at Pg. ID 172-73, 182, 185.)

## ANALYSIS

The factors set forth in 18 U.S.C. § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further

crimes by the defendant; and providing him with any necessary correctional services and treatment.  *See* 18 U.S.C. § 3553(a).

The Government emphasizes Defendant's history of narcotics trafficking and, at one point, argues that "this is Wilson's third drug-trafficking conviction." (ECF No. 33 at Pg. ID 189-90.)  But Defendant's instant offense was for being a felon in possession of a gun—not for drug-trafficking or possessing a firearm in furtherance of drug-trafficking.  Defendant's gun-related convictions are based on possession and do not involve violence.

While the Court does not minimize the seriousness of the instant crime or Defendant's prior convictions, it finds significant that each of his prior convictions took place more than nine years ago, and he has served over 60 percent of his 57-month sentence, making him eligible for home detention on March 10, 2021.  (Ex. 8, ECF No. 30-9 at Pg. ID 160-62; PSR ¶ 33.)  The benefit of keeping Defendant incarcerated for an additional seven months is outweighed by the risk of serious outcomes if he contracts COVID-19.  Moreover, the sentence that Defendant has served, combined with the period of supervised release that will follow, appropriately "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense."  18 U.S.C. § 3553(a).

In addition, during the incarceration at bar, Defendant has committed no disciplinary infractions.  (Ex. 2, ECF No. 30-3 at Pg. ID 144-45.)  He has also

3

worked as an orderly and in food services, mechanical services, HVAC, and landscaping, though it is unclear whether he had these jobs during his current incarceration. (*Id.*) He also has significant support from his father—Donald Wilson—mother, and girlfriend of many years. (*See* PSR ¶ 49; ECF No. 30 at Pg. ID 138; Ex. 1, ECF No. 30-2 at Pg. ID 143.) Defense counsel represents that, if released, Defendant will live with his father in Flint, Michigan. (ECF No. 30 at Pg. ID 138; Ex. 1, ECF No. 30-2 at Pg. ID 143.) In addition, any risk posed by Defendant's release can be mitigated by the conditions of his supervised release.

Thus, the Court finds that factors set forth in 18 U.S.C. § 3553(a) warrant a reduction of Defendant's sentence and the policy statements issued by the Sentencing Commission before the passage of the First Step Act include provisions broad enough to cover the aforementioned circumstances.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Renewed Motion for Compassionate Release. (ECF No. 30.) The Court reduces Defendant's sentence to time served as of September 11, 2020. The period of supervised release shall be 18 months.

Defendant shall be released no later than September 11, 2020, and shall reside at the residence of his father in Flint, Michigan, where Defendant shall remain in self-quarantine for 14 days. Defendant shall notify the Probation

Department for the Eastern District of Michigan within 24 hours of his arrival at his father's residence and is directed to follow the instructions of the assigned probation officer.

Upon his release from custody, Defendant will be subject to the same conditions of release imposed in his original sentence.  Upon entry of this Order, defense counsel shall immediately contact the Probation Department to coordinate and facilitate enforcement of Defendant's release conditions.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 8, 2020

5